EISNER v. CROMMETTE.

(Supreme Court, Appellate Term, First Department.   January 7, 1915.)

1. ALTERATION OF INSTRUMENTS (§ 27*)—BURDEN OF PROOF.
     In an action on a note, the burden of explaining an alteration on its
   face was on the plaintiff, and the note should not be received in evidence
   until such explanation was given.
     [Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig.
   §§ 230–247 ; Dec. Dig. § 27.*]

2. ALTERATION OF INSTRUMENTS (§ 29*)—EVIDENCE.
     In an action on a note bearing on its face evidence of an alteration,
   where plaintiff on his direct case attempted no explanation, and on cross-
   examination testified that the apparent change in the amount was due
   to the fact that when he had partly written it he dipped his pen in an
   inkwell, where different parts appeared to be written with different pen
   and ink, and in a different handwriting, and where his explanation as to
   the erasure of certain words and the writing in of other words was in-
   adequate, judgment against defendant will be reversed, and a new trial
   granted.
     [Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig.
   §§ 259–263 ; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by Philip B. Eisner against Jessie B. Crommette.   Judgment
for plaintiff, and defendant appeals.   Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Horace W. Palmer, of New York City, for appellant.

George A. Knobloch, of New York City, for respondent.

PAGE, J.   [1] This action was brought on a promissory note
which bears on its face evidence of having been altered.   The bur-
den of explaining these alterations rested on the plaintiff, and the note
should not have been received in evidence until such explanation was
given.

[2] The plaintiff did not on his direct case attempt to give any ex-
planation.   The court interrupted the cross-examination of the payee,
who had filled out the body of the note, and inquired concerning the
apparent change of the amount of the note from "seven" to "seventy-
five."   His explanation was that when he had written the word "sev-
en" the ink gave out, and he dipped his pen in an inkwell.   The
remaining part of the note, "at 549 W. 159 St. in payment for," ap-
pears, however, to be written with the same pen and ink as the por-
tion preceding the "ty-five."   The figure "5," "ty-five," "and plumb-
ing" all appear to have been written with a different pen and ink from
the other written portion of the note.   The explanation as to the era-
sure of the words "legal services" and the writing of the words "Re-
pairs Boiler" is also inadequate.   The payee stated that the maker of
the note, when he handed the note to her for signature, wrote the
words "legal services," that he removed them with ink eradicator, and
wrote over the words "Repairs Boiler"; and yet the words "in pay-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment for," which immediately precede the alteration, are concededly in his handwriting.

In the interest of justice, the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.